DRURY *v*. STATE OF INDIANA.

[No. 569-S-117. Filed January 20, 1970. Rehearing denied March 2, 1970.]

*Chester H. Wilson,* Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth M. Mc-Dermott,* Deputy Attorney General, for appellee.

ARTERBURN, J.—Appellant was convicted of the crime of child stealing. The statute upon which said offense is premised is Burns' Ind. Stat. Anno. § 10-2902, which reads as follows:

> *"Child stealing.*—Whoever takes, leads, carries, decoys or entices away a child under age of fourteen [14] years, with intent unlawfully to detain or conceal such child from its parents, guardian or other person having the lawful charge or custody of such child, and whoever, with the intent aforesaid, knowingly harbors or conceals any such child so led, taken, carried, decoyed or enticed away, on conviction, shall be fined not less than fifty dollars [$50.00], nor more than one thousand dollars [$1,000], and be imprisoned in the state prison not less than two [2] years nor more than fourteen [14] years."

To sustain a conviction under this statute it is necessary to establish that the accused either took, led, carried, decoyed or enticed away a child under the age of fourteen years from the child's parents with the intent to detain or conceal said child.

The evidence most favorable to the state shows that Michelle Thompson was reported missing from her home in Indianapolis by her parents on October 15, 1967. The child was 11 years old. The parents of the missing child indicated to the investigating officer that she might be in the company of the appellant. The officer located appellant on the afternoon of October 18, 1967 and, in response to questioning, appellant admitted knowing the girl but denied any knowledge of her whereabouts.

Testimony with respect to the disappearance of the child was to the effect that appellant first approached her with the idea of going away with him on the morning of October 15, 1967. Appellant told her that he wanted her to be his girl and wanted her to go away with him. She was told to meet appellant at a laundromat located about two blocks from her parents' home. Later the same day she met with appellant at the laundromat, at which time he repeated his desire that she be his girl and promised that he would buy her new clothes. Appellant then took her by the hand and they got into appellant's car, whereupon he transported her to Kendallville, Indiana, where he left her with some unidentified people. Appellant then returned alone to Indianapolis.

It was upon his return to Indianapolis that appellant was questioned by the investigating officer. After this encounter with the police, appellant returned the child to Indianapolis on the following day and let her out of his automobile on a street corner with instructions to tell the police that "some people took her off." These events covered a period of approximately three days.

Appellant's brief asserts two propositions, both of which we

will consider on the merits despite various alleged procedural deficiencies. Both arguments concern the sufficiency of the evidence.

Appellant first challenges the testimony of Michelle Thompson, the purported victim. Appellant contents himself with a very general and somewhat obscure assault upon the credibility and competence of this witness. It is not our office to weigh conflicting evidence nor is it our function to determine the credibility of witnesses. *Croney* v. *State* (1969), 252 Ind. 319, 247 N. E. 2d 501. Suffice it to say that the witness was eleven years old at the time of the events with which we are concerned and was thirteen years of age at the time she presented her testimony. Children over ten years of age are competent witnesses; the jury must be the judge of their credibility. Burns' Ind. Stat. Ann. § 2-1714, § 9-1603. *Holmes* v. *State* (1882), 88 Ind. 145; *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649.

Appellant next argues that there was a complete lack of evidence that he decoyed or enticed away the child. We disagree. The argument is that appellant was a friend of the child and the child's family; that the child liked and respected appellant; that the child was eager to get away from her family due to an unhappy family situation; and that therefore she went with appellant of her own free will. It is true that the child did not actively resist appellant, but we are of the opinion that any consent which can be gleaned from the want of resistance is not pertinent. As we read the statute, Burns' § 10-2902 above quoted, it appears to us that its objective is clear. It seeks to penalize a person who would encourage and aid children to leave their homes. Here appellant promised the child new clothing and a different life if she would accompany him. The consent of the child is no defense to the crime charged. Consent or nonconsent forms no element of the crime. The statute protects young and impressionable children and to this extent we must recognize that the crime, as described by the statute, stands independent of any

issue of consent by the child. The emphasis of the crime in question is on the enticement and attempted detention and concealment of a child from those who have her lawful custody. It is apparent that the evidence with respect to appellant's conduct in procuring the child's accompaniment is sufficient to support a finding that he took, lead, carried, decoyed or enticed her away from her parents.

Appellant's emphasis upon the child's purported dissatisfaction with her family and upon the fact that there was no evidence of immoral conduct between appellant and the child is misplaced. These do not serve to justify appellant's conduct. Appellant's position as a self-appointed overseer of the welfare of the child resulted in his being admonished by Mr. Thompson to stay away from his daughter because ". . . I didn't like for him to come over, and insist that he's a better man toward my family, than me."

Judgment of the trial court is affirmed.

Hunter, C.J., Givan, DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 254 N. E. 2d 335.