HOWARD CANSLER, JR. *v.* STATE OF INDIANA.

[No. 1070S261. Filed May 5, 1972.]

*Edward N. Smith,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *David H. Kreider,* Deputy Attorney General, for appellee.

DeBruler, J.—The appellant was charged by affidavit with the crime of attempted armed robbery. The affidavit charged that he did:

> "feloniously, forceably by violence and putting Peggy A. McDonald in fear, attempt to take, rob and steal from the person and possession of Peggy A. McDonald, lawful United States of America currency, then and there belonging to Elijah McDonald. The said Howard Edward William Cansler, Jr., being then and there a person over the age of sixteen (16) years of age, did then and there attempt to commit the crime of robbery as aforeasid while armed with a certain firearm, to-wit: a shotgun."

The appellant waived a jury trial and was found guilty in the Allen Circuit Court, the Honorable Richard W. George, Special Judge, presiding. The appellant argues (1) that the decision was not supported by sufficient evidence, and (2) that the trial court erred in not re-opening the case upon the production of newly discovered evidence not available at the time of trial.

At the trial the following evidence was adduced. Two women testified that they were preparing to close up the Huddle Bar B Que in Fort Wayne, Indiana, at approximately 3:00 a.m. when two men entered the restaurant, both carrying weapons, and demanded money. Both witnesses testified that they recognized one of the men as the appellant, whom they had known previously. The women testified that the appellant had a small white handkerchief over his face when he came in but that it slipped down during the time that he was in the restaurant. One of the women testified that she spoke to the appellant at the time and told him that she knew who he was, calling him by name. The women testified that they had previously called a cab, and when the cab drove up the two men left without completing the robbery.

The appellant's defense rested on his general denial of the crime, as well as three witnesses who testified that while in prison another man had admitted the robbery and said that the appellant was in jail for something he did not do. The man who allegedly admitted the crime was subpoenaed and called to testify. However, on the crucial questions of whether or not he had made such statements, he claimed the protection of the Fifth Amendment.

The appellant first argues that the decision was not supported by sufficient evidence, essentially basing his argument on the point that the two eye witnesses who identified the appellant disagreed on several collateral details surrounding the event. In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State*

(1970), 254 Ind. 401, 260 N. E. 2d 558. Viewed in this light there is ample evidence to support the verdict in this case. Both witnesses positively identified the appellant and agreed on the essential details of the crime. The witnesses did disagree on several collateral facts, such as which lights were burning, whether the appellant's mask was pulled down or slipped down, and how the two men were dressed. These disagreements do reflect on the credibility of their other testimony. However, the trial court evidently believed that the positive identification by the witnesses who knew the appellant prior to the robbery was not put in doubt by their disagreement concerning collateral details. Similarly the trial court apparently did not accept the testimony of the three witnesses who testified that while in prison another person had confessed to the crime. These questions are precisely the kinds of questions that the trier of fact sits to decide, and we will not disturb its decision in this case.

Secondly, the appellant argues that the judgment should have been reopened upon his affidavit attached to the motion to correct errors alleging the discovery of an alibi witness. At the trial, the appellant testified that he had two witnesses who could provide him with an alibi for the night in question, after the State stipulated that he could so testify in spite of his failure to file an alibi motion. He testified that at the time of the robbery he was ill and had not come out of the house for about two weeks, although he did not seek medical care. After the verdict and prior to the sentencing, the appellant moved to re-open the verdict or in the alternative for a judgment of acquittal on the grounds of newly discovered evidence. He alleged in his motion that one of his alibi witnesses had been found. The court overruled this motion and imposed a sentence of ten years. The appellant then filed a motion to correct errors to which he attached a sworn affidavit signed by the alibi witness, stating that the affiant had personal knowledge that the appellant was innocent. The affidavit in question reads as follows:

"Ronnie E. Stewart, being first duly sworn upon his oath says:

"That he has just recently returned to Fort Wayne, Indiana and that he is familiar with Howard Edward William Cansler, Jr., and that he has personal knowledge of the fact that Howard Edward William Cansler, Jr. did not commit the crime for which he was accused.

"That at the time Howard Edward William Cansler, Jr. was with him and that the affiant's statement can be colloborated [sic]."

The trial court possessed the requisite power to re-open this case and hear this additional witness without granting a whole new trial, either on the basis of a motion made prior to a motion to correct errors or on the basis of the motion to correct errors itself. Trial Rule 59, which is made applicable to criminal cases by Criminal Rule 16, indicates that:

"The Court, if it determines that prejudicial harmful error has been committed, shall take such action as will cure the error, including without limitations the following with respect to all or some of the parties and all or some of the issues:

\* \* \*

"(4)   Amend or correct the findings or judgment as provided in 52(b)." TR. 59 (E) (4)

And TR. 52(b) states that:

"Upon its own motion at any time before a motion to correct errors (Rule 59) is required to be made, or with or as part of a motion to correct errors by any party, the court, in the case of a claim tried without a jury or with an advisory jury, may open the judgment, if one has been entered, take additional testimony, amend or make new findings of fact and enter a new judgment or any combination thereof if

"(1)   the judgment or findings are either against the weight of the evidence, or are not supported by or contrary to the evidence. . . ."

It would have thus been a simple matter for the trial court to have opened the judgment in this case and allowed this new

witness to testify, and such a course appears to us to be a sensible one in a case such as this. However, we find no reversible error in this case for the affidavit offered in support of the appellant's motion was vague and conclusory and was not sufficient to compel any action by the trial court. As we said in *Tungate* v. *State* (1958), 238 Ind. 48, 147 N. E. 2d 232:

"An application for a new trial, made on the ground of newly discovered evidence, must be supported by affidavit and such affidavit or affidavits must contain a statement of the facts showing (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result." 238 Ind. at 54.

The affidavits in this case fall far short of these requirements, for they contain nothing but an allegation that a new witness had been found supported only by the vague affidavit of the new witness quoted above. No facts are alleged which indicate that the evidence is more than cumulative, that due diligence was used to discover the evidence prior to trial (no motion for continuance was requested), that the evidence was worthy of credit, or that it would probably produce a different result. We find no error in the trial court's overruling of the motions to re-open the judgment or to grant a new trial in this case.

Judgment affirmed.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 881.