ALONZO CLARK *v.* STATE OF INDIANA.

[No. 1-573A92. Filed May 23, 1974.]

*Michael J. McDaniel, McDaniel, Forrest, Young, McDaniel,* of New Albany, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Defendant-appellant Clark was charged by affidavit with being an Accessory after the Fact of Rape. After entering a plea of guilty in the Floyd Circuit Court, Clark was sentenced to the custody of the Department of Corrections for not less than two (2) years or more than twenty-one (21) years pursuant to IC 1971, 35-1-29-3, Ind. Ann. Stat. § 9-103 (Burns 1956). On appeal Clark does not question his guilt, but challenges solely the constitutionality of his sentence. He raises two major grounds. First, he contends that the accessory statute violates art. 1, § 16 of the Indiana Constitution in prescribing a penalty not propor-

tionate to the crime. Second, he contends that the indeterminate sentence, per se, is unconstitutional as it constitutes cruel and unusual punishment and improper delegation of judicial authority.

As a general rule, the courts do not question a particular punishment prescribed by statute. As stated in *Landaw* v. *State* (1972), 258 Ind. 67, 279 N.E.2d 230, "[i]t is clearly within the sole power of the Legislature to fix the punishment for crimes, IC 1971, 1-1-1-2, being Burns' § 9-2401. . . ." Moreover, the courts may not judicially alter the punishment provided by statute even if it seems excessive or inappropriate.

> "[W]hile fines and penalties should not be excessive, and must be proportioned to the nature of the offense, that does not mean that this court can set aside a conviction and sentence, within the statute, merely because on the record it may seem severe." *Blue* v. *State* (1946), 224 Ind. 394, 400, 67 N.E.2d 377, 379.

A penalty provided by the legislature may be set aside by the courts only if it is unconstitutional. *Landaw* v. *State, supra; Dembowski* v. *State* (1968), 251 Ind. 250, 240 N.E.2d 815.

Art. 1, § 16 of the Indiana Constitution provides in part: "[a]ll penalties shall be proportioned to the nature of the offense." The accessory statute pursuant to which Clark was sentenced, IC 1971, 35-1-29-3, Ind. Ann. Stat. § 9-103 (Burns 1956), states that the punishment for the accessory shall be the same as that provided for the principal. Clark contends that the statute thus violates the constitutional provision calling for proportionate penalties. This contention is not supported by Indiana law.

Most cases dealing with art. 1, § 16 have concerned lesser included offenses. Statutes often provided for a greater possible penalty for the lesser included offense than was provided for the greater offense. However, the Indiana Supreme Court, relying on art. 1, § 16, has held that the penalty for the lesser included offense may not be

greater than that provided for the greater offense. *Dembow-ski* v. *State, supra; Hobbs* v. *State* (1969), 253 Ind. 195, 252 N.E.2d 498. It must be noted, however, that the penalty for a lesser included offense may be *equal* to that for the greater offense. Art. 1, § 16 prohibits only a greater penalty for the lesser included offense. *Brown* v. *State* (1973), 261 Ind. 169, 301 N.E.2d 189. Burns § 9-103 provides that the penalty for the accessory is the *same* as that for the principal. Therefore, analogizing the offense of accessory to a lesser included offense would still not support appellant's contention that the accessory statute violates art. 1, § 16.

In fact, the offenses of rape and accessory after the fact of rape are separate and distinct. As such the legislature may properly impose a penalty for one of the offenses which need not be proportionate to the penalty provided for the other. *Cf. Lane* v. *State* (1972), 259 Ind. 468, 288 N.E.2d 258.

Appellant next contends that an indeterminate sentence constitutes cruel and unusual punishment in violation of the eighth amendment of the United States Constitution and art. 1, § 16 of the Indiana Constitution. His basic argument is that an indeterminate sentence creates anxiety and tension over the indefiniteness of the confinement and specifically the release date. Appellant relies upon *Trop* v. *Dulles,* 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958) as adding to the class of punishments prohibited as cruel and unusual those involving extreme psychological anxiety and distress. In *Trop* a statute authorized expatriation for wartime desertion from military service. In holding the penalty unconstitutional as cruel and unusual, the court emphasized the extreme nature of the penalty. The opinion referred to the "total destruction of the individual's status in organized society" resulting from expatriation. Appellant's sentence presents no such extremes. We cannot say that the indeterminate sentence is cruel and unusual punishment as a matter of law.

Appellant lastly contends that imposition of an indeter-

minate sentence is an unconstitutional delegation of judicial power to an administrative agency in that the actual length of the sentence is left to the determination of prison authorities. This contention was first considered and rejected in *Miller* v. *State* (1897), 149 Ind. 607, 49 N.E. 894. In describing the duties of the prison officials as to indeterminate sentences the *Miller* court stated:

> "None of these considerations have anything whatever to do with the defendant's guilt, nor with the question as to what judgment should be pronounced upon a finding or verdict that he is guilty. . . ." 149 Ind. at 621, 49 N.E. at 898.

The court went on to state:

> "So that the judgment of guilty and sentence is complete and effective, so as to warrant and require the convict to remain in prison to the end of the maximum term fixed in the judgment of conviction, unless ministerial or administrative officers . . . acting under the authority of the act, shall shorten the term of service in case a reformation of the convict is effected.
>
> *The power to do this is not judicial power, but is a purely ministerial or administrative power."* (Emphasis added.) 149 Ind. at 622-23, 49 N.E. at 899. *Accord, Dowd* v. *Basham* (1954), 233 Ind. 207, 116 N.E.2d 632.

The indeterminate sentence does not constitute an unconstitutional delegation of judicial power.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 311 N.E.2d 439.