JOE RECTOR *v.* STATE OF INDIANA.

[No. 174S32. Filed January 5, 1976.]

*Lawrence O. Sells,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from denial of a petition for post-conviction relief. The Appellant was convicted of kidnapping, Ind. Code § 35-1-55-1, Burns § 10-2901 (1956), on September 24, 1969, and sentenced to life imprisonment. A Motion for New Trial which was overruled on November 21, 1969, was appealed and affirmed by this court. *Rector v. State,* (1971) 256 Ind. 634, 271 N.E.2d 452.

The Appellant filed a Petition for Post Conviction Relief in May of 1972. This petition was denied on June 15, 1973. On August 13, 1973, the Appellant filed a Motion to Correct Errors. It is from the overruling of this motion on November 13, 1973, that the Appellant now appeals.

The Appellant's charge of kidnapping and a charge of assault and battery with intent to kill, of which he was acquitted, arose from an alleged forced abduction of one Cloise W. Tarrant. The Appellant was apparently seeking informa-

tion about a trailer which Tarrant had repossessed from him. The Appellant and one David Lee took Tarrant against his will to various points in Jasper County, Indiana. The Appellant was arrested some two and one half hours after the abduction.

The Appellant, his accomplice Lee, and the victim Tarrant made two stops in their drive around Jasper County where they were seen by others. The first stop was for gas. At that time one Steven Shepard saw the Appellant holding a gun on Tarrant and reported this to the police, along with a description of the car and its license number. The second stop was made at the house of one Russell Crews, where the trailer was parked. The appellant went in the house to call the person from whom he had purchased the trailer. While inside he twice made threatening remarks about Tarrant, though Crews did not believe him to be serious.

Two other witnesses testified that the Appellant had to be dissuaded from going into a restaurant earlier that evening and beating up Tarrant. The Appellant testified and denied forcing Tarrant into the car or threatening him. Both the victim and the Appellant's accomplice also testified.

## I.

The Appellant raises three issues in this appeal. He first challenges the constitutionality of the punishment imposed on him. This is based on two grounds: that the life sentence imposed is disproportionate to the nature of the offense and amounts to cruel and unusual punishment; that imposition of a mandatory life sentence for kidnapping violates guarantees of equal protection of the laws.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment, as does Article 1, Section 16 of the Constitution of the State of Indiana. That provision of our state constitution also provides that "penalties shall be proportioned to the nature of the offense." Article 1, Section 16 thus specifically

provides for proportionality of a crime to its punishment, something the words "cruel and unusual" alone have been interpreted to include in our federal constitution. *See Weems* v. *United States*, (1910) 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793.

This court has upheld the sentence of life imprisonment for the crime of kidnapping in the face of cruel and unusual proportionality challenges. *Beard* v. *State*, (1975) 262 Ind. 643, 323 N.E.2d 216; *Cox* v. *State*, (1931) 203 Ind. 544, 177 N.E. 898, rehearing denied, (1932) 181 N.E. 469. Its validity before the argument presented here and before the equal protection guarantees of the Fourteenth Amendment of the United States Constitution and Article 1, Section 23 of the Constitution of the State of Indiana, revolve around an examination of statutory provisions.

The Appellant directs our attention to two statutes: Kidnapping, Ind. Code § 35-1-55-1, Burns § 10-2901 (1956), and Child Stealing, Ind. Code § 35-1-55-2, Burns § 10-2902 (1956). He contends that his sentence of life imprisonment is not proportionate to the crime of kidnapping in view of the sentence of not less than two years nor more than fourteen years that attaches to the crime of child stealing. Furthermore, he contends that this disparity of punishment denies him equal protection of the laws. Those statutes read in full as follows:

> *"Kidnaping.*—Whoever kidnaps, or forcibly or fraudulently carries off or decoys from any place within this state, or arrests or imprisons any person, with the intention of having such person carried way from any place within this state, unless it be in pursuance of the laws of this state or of the United States, is guilty of kidnaping, and, on conviction, shall be imprisoned in the state prison during life."

> *"Child stealing.*—Whoever takes, leads, carries, decoys or entices away a child under age of fourteen [14] years, with intent unlawfully to detain or conceal such child from its parents, guardian or other person having the lawful charge or custody of such child, and whoever, with the intent aforesaid, knowingly harbors or conceals any such child so led, taken, carried, decoyed or enticed away, on

conviction, shall be fined not less than fifty dollars [$50.00], nor more than one thousand dollars [$1,000], and be imprisoned in the state prison not less than two [2] years nor more than fourteen [14] years."

The Appellant does not explain his view of the applicability of Article 1, Section 16 of our state constitution to the facts presented here. "Most cases dealing with Art. 1, § 16 have concerned lesser included offenses. Statutes often provided for greater possible penalty for the lesser included offense than was provided for the greater offense. However, the Indiana Supreme Court, relying on Art. 1, § 16, has held that the penalty for the lesser included offense may not be greater than that provided for the greater offense." *Clark* v. *State*, (1974) 160 Ind. App. 206, 311 N.E.2d 439 at 440. Kidnapping is clearly not a lesser included offense of the crime of child stealing. The thrust of the Appellant's argument can thus only be seen as this: that the penalty for kidnapping is too great because the penalty for child stealing is so small. This asks us to engage in essentially legislative judgments, which we cannot do. The determination of appropriate penalties for crimes committed in this state is a function properly exercised by the legislature. *Rowe* v. *State*, (1974) 262 Ind. 250, 314 N.E.2d 745. The legislature may properly impose on separate and distinct offenses penalties not proportionate to one another. *See Clark, supra; Lane* v. *State*, (1972) 259 Ind. 468, 288 N.E.2d 258. The crime of kidnapping includes elements of force or fraud, which the crime of child stealing does not. It is within the constitutional authority of our legislature to determine that this separate crime, with these distinct elements, permits a greater penalty.

It is this classification by the devices used in abduction, force or fraud, that we are concerned with in resolving the Appellant's equal protection argument. The classification is not one of age, as the Appellant contends, since the abduction of a child under the age of fourteen years may include force or fraud and thus constitute the crime of kidnapping. *See Shipman* v. *State*, (1962) 243 Ind. 245, 183 N.E.2d 823.

The approach of this court in determining whether state and federal guarantees of equal protection are being violated was set out in *State ex rel. Miller* v. *McDonald,* (1973) 260 Ind. 565 at 569-570, 297 N.E.2d 826 at 829 :

> "The Equal Protection Clause does not prevent a state or municipality from indulging in *reasonable* legislative classification. *Graham* v. *Richardson* (1971), 403 U.S. 365, 91 S.Ct. 1848. Generally speaking, if a classification is shown to have any rational or reasonable basis, it will be sustained. *Graham, supra; United States* v. *Maryland Savings-Share Ins. Corp.* (1970), 400 U.S. 4, 91 S.Ct. 16. Normally, the enactment is presumed to be valid; the burden being on the party challenging its validity to overcome such presumption. *Graham, supra; San Antonio Independent School District* v. *Rodriguez* (1973), 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16.
>
> There are instances in which the rational basis formulation is inadequate and a stricter standard of judicial scrutiny is required. If fundamental rights or 'suspect' classes are involved, the State and not the complainants must shoulder a 'heavy burden of justification' by proving a compelling state interest and a *necessary* relation between that interest and the classification in question. *Rodriguez, supra; Bullock* v. *Carter,* (1972) 405 U.S. 134, 92 S.Ct. 849 31 L.Ed.2d 92; *Graham, supra; Turner* v. *Fouche,* (1970) 396 U.S. 346, 90 S.Ct. 532; *Shapiro* v. *Thompson,* (1969) 394 U.S. 618, 89 S.Ct. 1322."

"Those who use force or fraud" cannot be deemed a suspect classification. Nor is there a fundamental right to use force or fraud in committing an illegal act. It is thus sufficient to uphold the kidnapping statute that it have a rational or reasonable relation to the purpose of the statute. *Miller, supra,* and cases cited therein. The classification defined by the use of force or fraud is clearly related to the purpose of deterring and punishing kidnapping. The legislature may reasonably have concluded that kidnapping by force or fraud was a greater evil than either stealing a child without the use of either force or fraud and demanded a greater penalty. We find the contentions of the Appellant here to be without merit.

## II.

The Appellant next asserts that error was committed at his post-conviction hearing in the exclusion of certain testimony. One Donald Gillenwater attempted to testify that a 'few days after the Appellant's sentencing, Tarrant, the victim and State's chief witness, told Gillenwater that most of his testimony was perjury. This proffered testimony was excluded as hearsay, the court finding no applicable exception to the hearsay rule.

Even if we assume that this hearsay was sufficiently trustworthy to be admissible into evidence, we do not see that the judgment of the court below should be overturned. Newly discovered evidence justifies granting a new trial only if it possesses certain qualities:

> "In order to warrant a new trial newly discovered evidence (even if we should consider this as such) must be more than mere impeaching evidence; it must be non-cumulative; it must be credible and competent and it must have the probability of producing a different result at a new trial. Emerson v. State, (1972) 259 Ind. 399, 287 N.E.2d 867; Cansler v. State, (1972) 258 Ind. 450, 281 N.E.2d 881; Wilhoite v. State, (1971) 255 Ind. 599, 266 N.E.2d 23." *Jones* v. *State,* (1974) 262 Ind. 159, 312 N.E.2d 856 at 857.

An allegation, or even an admission, of perjury does not in and of itself necessitate the granting of a new trial. *Johnson* v. *State,* (1974) 262 Ind. 183, 313 N.E.2d 542; *Newman* v. *United States,* (5th Cir. 1956) 238 F.2d 861. The question, as stated above, is whether such evidence would probably result in a different outcome upon retrial. There are two reasons why this evidence would not have this probable effect.

First, while Tarrant's testimony might be impeached at trial, it would also be subject to rehabilitation. The impact of the impeachment would not necessarily be destructive of the State's case.

Second, the testimony of other witnesses both supports Tarrant's version of the events and provides an independent

basis for the kidnapping charge. There remains testimony of Lee and Crews that threats were made against Tarrant's life, indicating that Tarrant may have been in danger. There is also testimony of Shepard that while the victim and his abductors stopped for gas, the Appellant held a shotgun on Tarrant.

The exclusion of the proffered testimony was not error and cannot serve as a basis for granting a new trial.

## III.

The Appellant finally contends that he was not provided with effective assistance of counsel at his trial. The burden of proof of such an assertion is great:

> "There is a presumption that an attorney has discharged his duty fully, and it requires strong and convincing proof to overcome that presumption. Lowe v. State, ▪ (1973) [260] Ind. [610], 298 N.E.2d 421; Blackburn v. State, (1973) [260] Ind. [5], 291 N.E.2d 686. 'The mere fact that another attorney might have conducted the defense differently is not sufficient to require reversal. "Isolated poor strategy, bad tactics, a mistake, carelessness or inexperience does not necessarily amount to ineffective counsel, unless taken as a whole, the trial was a mockery of justice." ' Blackburn v. State, (1973) *supra* at p. 696, citing United States v. Cariola (D. New Jersey 1962), 211 F. Supp. 423." *Beck* v. *State,* (1974) 261 Ind. 616, 308 N.E.2d 697.

The Appellant sets forth the following allegations, to which he testified at his post conviction relief hearing:

> "1. His attorney, Bernard Tetek, only conferred with him 3 or 4 times before trial and for a total period of approximately one hour and each time told Rector not to worry because he would handle things. In other words, Tetek hardly talked to Rector about the case.
>
> 2. That Tetek permitted the consolidation of the Assault With Intent To Kill with the Kidnapping charge without Rector's knowledge or consent.
>
> 3. That Tetek did not subpoena any witnesses on behalf of Rector.
>
> 4. That Tetek's final argument to the jury consisted of simply a statement that the State had not proved the guilt of Rector and that the jury should find him not guilty.

5. That Tetek did not question prospective jurors on voir dire examination and only exercised 2 pre-emptory (sic) challenges.

6. Tetek did not inform Rector prior to trial about him testifying, that Tetek gave him a shove and told him to take the stand, that Rector did not know what to do and testified because Tetek called no other witnesses to testify even though several witnesses had testified on behalf of Rector at his first trial.

7. Tetek failed to argue on appeal 8 of the grounds specified in Rector's Motion For New Trial Following Rector's conviction."

These claims fall short of the burden set out in *Beck* v. *State, supra,* and also fail to meet the more general burden of a preponderance of the evidence imposed on a petitioner for post-conviction relief by Ind. R. P.C. 1, § 5. Petitioner does not even allege that these items are proved. He does admit that they "may not have shocked the conscience of the court. . . ."

As to the first allegation, it should be noted that the Appellant's trial counsel was in possession of a transcript of the Appellant's first trial. This undoubtedly supplied him with much of the information he required.

As to point two, the Appellant does not say how he was harmed by this action. The evidence of the two charges was the same, and the Appellant was acquitted on the charge of assault and battery with intent to kill.

As to points three and six, the Appellant's trial counsel testified that the Appellant was asked if he had any witnesses he wanted to call and he replied "No." Further, this testimany revealed that it was the Appellant's decision to testify and that counsel had accordingly all through the trial so based his strategy. It was the judgment of trial counsel that the testimony of witnesses called at the Appellant's first trial was not so germane to the issues presented that they had to be called at the second trial.

Trial counsel denied point four directly, saying he took quite a bit longer than this allegation indicates, though both he and the prosecutor were subject to time constraints im-

posed by the trial court. There is no showing that the failure of the Appellant's trial counsel to challenge more jurors resulted in any harm to the Appellant. Finally, the trial counsel testified that he did not argue eight or ten grounds of alleged error for appeal because he found no case authority to support them. The memorandum in support of the motion for a new trial had been given to him by the Appellant's son-in-law, a Dayton, Ohio attorney.

As previously stated, a petitioner in a post conviction relief proceeding has the burden of proving his claims by a preponderance of the evidence. The conflicting record in this case fails to do this. Essentially the Appellant complains of a change in trial tactics and an unfavorable result. These are not in themselves sufficient grounds for a finding of ineffective trial counsel.

The judgment of the court below denying the Appellant's Petition for Post Conviction Relief is affirmed.

Givan, C.J., Prentice, J., concur; DeBruler, J., concurs in result; Hunter, J., concurs in result with opinion.

### CONCURRING OPINION

HUNTER, J.—Appellant states his equal protection claim in rhetorical question: "Did not the legislature, . . . abuse its constitutional power in defining 'adult stealing' [kidnapping] and 'child stealing' and affixing a higher penalty for adult stealing." The answer to appellant's question is no. A person under age fourteen may either be "stolen," see *Drury* v. *State*, (1970) 253 Ind. 392, 254 N.E.2d 335, or "kidnapped," see *Cox* v. *State*, (1932) 203 Ind. 544, 177 N.E. 898, depending upon the circumstances.

NOTE.—Reported at 339 N.E.2d 551.