Hon. John J. Pappalardo Village Attorney, Tuckahoe
This will acknowledge your letter, wherein you state that the Tuckahoe Village Board recently passed a resolution requiring multiple dwellings with more than 25 individual family units to provide for their own refuse pickup through private refuse carters. Up until the passage of this resolution, the Village had provided refuse pickup service for not only private residences and multiple establishments, but all multiple dwellings regardless of the number of units. You further add that the Village Board is contemplating the elimination of refuse pickup from certain industrial companies located within the municipality and ask whether, in our opinion, either of these two proposals can be considered discriminatory, inasmuch as both the industrial companies and the multiple dwellings are taxpayers who would in effect have service taken away without any accompanying reduction in the amount of taxes they are paying.
The justifications advanced in support of the curtailments are that none of the recently erected large multiple dwellings are provided with garbage pickup by the Village, which arrangement was agreed upon when the builders of these dwellings first presented their plans for approval and that, in addition, dumping fees for refuse in the County of Westchester have become so prohibitive that the Village can no longer afford to continue refuse pickup from large multiple dwellings and industrial companies.
We immediately note that, despite that fact that "recently erected" large multiple dwellings have agreed to provide for their own garbage removal, the resolution passed by the Village Board apparently applies to all large multiple dwellings, regardless of when they were constructed. For this reason alone, we are of the opinion that the current resolution relating to large apartment houses is unconstitutional. The issues are discussed generally in Juleah Co. v. Vil. of Roslyn 56 A.D.2d 483 (2d Dept 1977), and to avoid lengthy repetition, we direct your attention to that case and the cases cited therein. The court noted at pp 487-488:
 "[t]he Court of Appeals for Cuyahoga County, Ohio, pointed out in Royal Amer. Corp. v. City of Euclid
(No. 34018, Aug 21, 1975, cert den 425 U.S. 966), when it struck down as an unconstitutional denial of equal protection of the laws an ordinance which denied public collection of garbage to apartment or condominium structures or commercial buildings, while continuing collections of garbage from one- and two-family dwellings: `The classification is based upon the nature of the buildings involved, the volume of garbage produced in each, and the cost of collection of such garbage. The classification does not take congizance of the fact that people in apartments and people in single-or two-family dwellings produce the same type of refuse. Citizens living in both types of residences require the removal of their garbage and rubbish on a regular basis for health and safety reasons. There is no rational basis for the municipal decision not to collect garbage from inhabitants of apartments on the one hand and to collect it from inhabitants of residential dwellings on the other.'"
The Second Department also took notice of State ex rel. Miller v.McDonald. 260 Ind. 565, where the United States Supreme Court denied a petition for certiorari, sub nom. McDonald v. Miller, 414 U.S. 1158
(1973).
With respect to the proposed resolution pertaining to industrial companies, we note that it would eliminate refuse pickup from "certain" industrial companies, but not others; the criteria for determining which companies would be included and which would be excluded are not set forth. Cf. State ex rel. Miller v. McDonald, supra.
Accordingly, it is our opinion that a resolution of the Village of Tuckahoe requiring multiple dwellings with more than 25 individual family units to provide for their own refuse pickup through private refuse carters is violative of the equal protection provisions of the Federal and State constitutions, and that the proposed resolution eliminating refuse pickup from certain industrial companies, but not others, in the absence of any criteria demonstrating a rational basis for distinction, might be interpreted by a court of competent jurisdiction as being unconstitutional.