Joe RECTOR, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 1177S772.

Supreme Court of Indiana.

May 11, 1979.

Harriette Bailey Conn, Public Defender, Kyle M. Payne, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Joe Rector (Petitioner) appeals from the denial of his second petition for post conviction relief. The events leading up to this unusual second petition are as follows:

In 1968, Joe Rector and David Lee were accused of threatening a business acquaintance, Bill Tarrant, with a sawed-off, double-barrel shotgun, forcing him into their automobile and making threats against his life. Consequently, they were charged with kidnapping and assault and battery with intent to kill. A year prior to Rector's trial, Lee pled guilty to the charge of assault and battery with intent to kill, sentence was withheld, and the kidnap charge was dismissed. At Rector's trial, Lee testified against Rector. Upon cross-examination by the defense, he denied knowledge of a "deal" with the prosecution and denied knowledge of the final disposition of the charges against him; however, he admitted that he had pled guilty to the charge of assault with intent to kill a year earlier, that he had not yet been sentenced, and that he had been subpoenaed as a witness for the State. He further testified that he did not know the disposition made of the kidnap charge against him but the trial judge took judicial notice that the charge had been dismissed by the State, and the jury was so informed. No further evidence was introduced upon this point. The jury returned a verdict of guilty to the kidnap charge, and Rector was sentenced to life imprisonment. His conviction was affirmed by this Court in 1971. *Rector v. State,* (1971) 256 Ind. 634, 271 N.E.2d 452.

In 1972, Rector filed his first petition for post conviction relief alleging, among other things, that the Prosecutor had allowed the false testimony of State's witness, Lee, to go uncorrected. A full hearing upon the merits was conducted and resulted in a judgment against Rector. An appeal was taken from this post conviction judgment but Rector's attorney did not present the "false testimony" issue. The post conviction judgment was affirmed. *See, Rector v. State,* (1976) 264 Ind. 78, 339 N.E.2d 551.

Thereafter, Rector filed a second petition for post conviction relief, this time alleging that he was denied the effective assistance of counsel during the appeal of his first post conviction petition, in that his attorney failed, in the first post conviction appeal, to assign the aforementioned false testimony

issue. Following a hearing upon the merits, the trial judge held, among other things, that:

"12. That the testimony of the witness, David Lee, referred to above and heard by the jury was sufficient to apprise them of the requisite matters necessary to be considered in weighing said witness's testimony and assessing his credibility.

"13. That the minimal requirements of the State's duty to disclose the 'deal' with the witness, David Lee, were met by the evidence produced at trial and referred to above.

"14. That disclosure of any additional circumstances of the 'deal' made by the State with the witness, David Lee, would not have resulted in a different verdict.

\*　　\*　　\*　　\*　　\*　　\*

"17. That while the testimony of the witness, David Lee, was somewhat confused at trial, the Petitioner has not proven by a preponderance of the evidence that said witness testified falsely or gave perjured testimony at said trial."

The case is presently before us upon Rector's appeal from the denial of his second petition for post conviction relief.

\*　　\*　　\*　　\*　　\*　　\*

We first examine the merits of the underlying issue.

■ At the first post conviction hearing, Lee testified that when he testified against Rector he believed that he would receive favorable consideration from the State, in return for his testimony against Rector. That sentencing was still pending when he testified in Rector's trial lends credibility to the argument that he did have some agreement with the State. The Prosecutor's testimony did not support this argument, but neither did it directly refute it. We are, therefore, reluctant to say, from the record of the first post conviction hearing, that Rector had clearly sustained his burden of proof and that the judgment was, there-

fore, contrary to law. If not, counsel was correct in abandoning the issue on appeal. However, we need not speculate in that regard; because, even if we assume that the court erred in its conclusion, such error, standing alone, would not warrant a reversal. Assuming such error, it was, nevertheless incumbent upon the petitioner to show that he was likely to have been harmed thereby.

When we consider the other substantial evidence of Rector's guilt, of which Lee's testimony was only corroborative, and when we consider that the jury was apprised of Lee's involvement, of the Prosecutor's dismissal of the kidnapping charge against Lee, of Lee's guilty plea to a reduced charge, and that sentencing was still pending, there remains no doubt that the jury had all information necessary, to enable it to assess Lee's credibility in the matter. It is, therefore, unlikely that the defendant was harmed by a lack of information or by mis-information concerning an agreement, if any, between Lee and the Prosecutor.

In appealing a decision adverse to his client, an attorney must exercise his sound judgment in deciding which issues to appeal and which issues to "leave by the wayside." Certainly the abandonment of an issue of highly questionable value, cannot be said to reflect incompetence. There is a presumption that counsel has been competent, and only strong and convincing evidence will rebut that presumption. *Roberts v. State,* (1977) 266 Ind. 72, 80, 360 N.E.2d 825, 829. "Isolated poor strategy, bad tactics, a mistake, carelessness, or inexperience does not necessarily amount to ineffective counsel unless, taken as a whole, the trial was a mockery of justice." *Blackburn v. State,* (1973) 260 Ind. 5, 22, 291 N.E.2d 686, 696.

A post conviction petitioner has the burden to establish his grounds for relief by a preponderance of the evidence. (P.C. Rule 1, § 5.) In this case, the petitioner was charged with the burden of proving the incompetence of his prior post conviction appellate counsel. The trial judge's determination that he failed to carry that burden would be set aside, only if we should conclude that the evidence was without conflict and led unerringly to a result other than that reached by the trial court. *Carroll v. State,* (1976) 265 Ind. 423, 355 N.E.2d 408; *Holsclaw v. State,* (1979) Ind., 384 N.E.2d 1026. In this case, even if we assume that there was no conflict in the evidence, a circumstance not clearly disclosed by the record, it does not necessarily follow that the petitioner did not have competent and adequate representation upon his first post conviction appeal.

Petitioner has failed in his burden of proof. We find no error, and the judgment of the trial court, therefore, is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.