**NORTHERN INDIANA COIN OPERA-
TORS ASSOCIATION, Appellant
(Plaintiff Below),**

v.

**CIVIL CITY OF SOUTH BEND,
Appellee (Defendant Below).**

No. 4–1284A332.[1]

Court of Appeals of Indiana,
First District.

June 6, 1985.

1. Diverted from the Fourth District by direction of the Chief Judge.

Joseph V. Simeri, Melanie Morgan, Butler & Simeri, South Bend, for appellant.

Richard L. Hill, Carolyn V. Pfotenhauer, South Bend, for appellee.

ROBERTSON, Judge.

Plaintiff-appellant Northern Indiana Coin Operators Association (Association) appeals from a judgment of the Starke Circuit Court upholding the constitutionality of an ordinance adopted by the defendant-appellee Civil City of South Bend (City).

We affirm.

In November, 1981, the City adopted an ordinance which established certain license fees. The ordinance, codified at Section 4–34 of the Municipal Code of South Bend, provided in part:

(b) *License Required.* No person shall engage in or operate any self-service laundry without first obtaining a license from the Controller. An inspection by the Fire Prevention Bureau shall be required of all such businesses.

(c) *License Fees.* The application for a self-service laundry license shall pay an annual fee of *Two Dollars ($2.00 )* for each washing machine, dryer or combination washing machine-dryer dry cleaning machine used in the licensed establishment, *or a minimum of Fifty Dollars ($50.00) per establishment.*

The ordinance excluded from the licensing requirement self-service laundry facilities in apartment or multiple rental units and full service laundries.

In a declaratory judgment action, the Association, consisting of owners of self-service laundry and dry cleaning businesses, argued without success that the ordinance was unconstitutional. The issues raised by the Association on appeal may be summarized as follows:

(1) Whether Section 4–34 of the Municipal Code of South Bend deprives the Association of its constitutional right to equal protection of the law, and

(2) Whether Section 4–34 is unconstitutional because the license fee imposed bears no reasonable relationship to the cost of regulation and therefore constitutes a revenue tax.

ISSUE ONE:

The Association's first challenge to the constitutionality of the ordinance is based upon the right to equal protection of the law. The Association contends that the separate classification of "self-service laundries" is arbitrary, capricious, and lacking in reasonable basis.

Given an equal protection challenge, the level of scrutiny employed by a court is dependent upon the nature of the ordinance. If the ordinance does not involve a suspect classification and if it does not impinge upon a fundamental right, the court will be satisfied by any state of facts rationally justifying the ordinance. *State ex rel. Miller v. McDonald,* (1973) 260 Ind. 565, 570, 297 N.E.2d 826, 829–30. "Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest." *City of New Orleans v. Dukes,* (1976) 427 U.S. 297, 303, 96 S.Ct. 2513, 2516, 49 L.Ed.2d 511.

The ordinance challenged in the instant case neither impinges upon a fundamental

right nor involves a suspect classification. Therefore, the ordinance will withstand judicial scrutiny if the separate classification of "self-service laundries" is rationally related to a legitimate state interest. According to the ordinance's Statement of Purpose and Intent, Section 4–34 was adopted to protect the public health, safety and welfare. The classification of "self-service laundries" is rationally related to the City's interest in public safety. The City identified self-service laundries as a fire safety priority, because the facilities are open to the public and because the large number of machines available in such establishments create heat build-up and other fire hazards. Additional testimony indicated that the fire safety considerations related to self-service laundry facilities are greater than the safety concerns associated with full-service cleaners and laundries at apartment complexes, because the self-service facilities are open to the general public.

Hence, the Association failed to carry the burden imposed upon a party challenging the constitutionality of an enactment. The Association was required to demonstrate that no conceivable basis supported the classification of "self-service laundries." *See, Johnson v. St. Vincent Hospital,* (1980) 273 Ind. 374, 392, 404 N.E.2d 585, 597. The unique safety concerns associated with self-service laundries reasonably justified an ordinance requiring the licensing of such facilities.

ISSUE TWO:

The Association's second challenge to the constitutionality of Section 4–34 focuses upon the license fee imposed by the ordinance. The Association contends that the license fee is unrelated to the costs of regulation and therefore constitutes an unconstitutional revenue tax.

IND.CODE § 36–1–3–8 (1982) provides that a governmental unit does not have "[t]he power to impose a license or other fee greater than that reasonably re-

lated to the administrative cost of exercising a regulatory power." A license fee, authorized solely to carry out a regulatory purpose, must be limited to the probable expense of issuing the license, inspecting and regulating the activity. *Common Council of the City of Crown Point, Lake County v. High Meadows,* (1977) 173 Ind. App. 138, 362 N.E.2d 1166. A license fee which is not related to regulatory costs constitutes an impermissible revenue measure. *See, Stith Petroleum Co. v. Department of Audit and Control of Indiana,* (1937) 211 Ind. 400, 5 N.E.2d 517.

When reviewing the amount charged as a license fee, a court will defer to the legislative branch; the court will not compute the difference between administrative costs and the amount collected. *Id.* at 406, 5 N.E.2d at 520. A license fee will not be declared a revenue tax unless it is clearly shown to be obviously and largely beyond what is needed for the inspection services rendered. *Id.*

The license fee charged in the instant case is $2.00 per machine or a minimum fee of $50.00 per establishment. There was testimony that a self-service laundry inspection would cost the City in fire department salaries, in code enforcement salaries, in clerical time and in administrative time, for a total of approximately $100.00 per license. Thus, the license fee is reasonably related to administrative costs and it does not obviously exceed what is needed for the services rendered. The Association's contention that the license fee constitutes an unconstitutional revenue tax must fail.

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.