Anthony TINKER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49A02–8902–CR–66.

Court of Appeals of Indiana,
Second District.

Feb. 8, 1990.

June D. Oldham, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Anthony Tinker appeals his conviction of robbery, a class B felony.[1]

We reverse and remand with instructions.

---

1. IC 35–42–5–1 (1988) reads:
   A person who knowingly or intentionally takes property from another person or from the presence of another person:
   (1) by using or threatening the use of force on any person; or
   (2) by putting any person in fear;
   commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant, and a Class A felony if it results in serious bodily injury to any person other than a defendant.

## ISSUES

1. Whether the trial court's reconsideration of its guilty finding violated Tinker's protection against double jeopardy.

2. Whether the evidence is sufficient to sustain Tinker's conviction.

## FACTS

Anthony Tinker and his two co-defendants were charged with robbery as a class B felony. The information alleged Tinker was armed with a deadly weapon and caused the victim, Ingram, bodily injury. Tinker was found guilty at a bench trial of robbery as a class C felony. The court explained its finding as follows:

> These ... individuals approached [Ingram] from the rear, and no doubt, surprising him a good bit and shocking him a good bit. But I didn't hear him say anything about a gun. And I'm fully convinced that either Scruggs or Tinker one, had the gun, but I don't think that had any impact on the victim in this case.... So, no doubt at all about ... Tinker being guilty as charged—rather, of the lesser included offense of a Class C Robbery.

Record at 354.

Four days later and prior to Tinker's sentencing, the state filed a motion for additional fact finding requesting the trial court to find the robbery victim suffered bodily injury as a result of the robbery and conclude, based upon the additional finding, that Tinker was guilty of the class B felony robbery as charged. Tinker filed a motion to strike the state's motion. At Tinker's sentencing hearing, the trial court granted the state's motion and found Tinker guilty of robbery as a class B felony and sentenced him accordingly.

## DECISION

### I

Tinker argues the trial court's finding of guilty of the included offense of robbery as a class C felony is an acquittal of the charged class B felony. Therefore, according to Tinker, the trial court's subsequent fact finding violated his protection against double jeopardy.[2] The state responds the trial court was empowered to reconsider its fact finding, vacate its conviction of the class C felony and enter a conviction for the class B felony either because a final judgment had not been entered because Tinker had not been sentenced or because the additional fact finding is authorized by Indiana Rules of Procedure, Trial Rule 52(B). Alternatively, the State claims Tinker waived his double jeopardy argument by not objecting to the trial court sentencing him for a class B felony.

■ Whether a judgment is procedurally final for purposes of appeal or is amendable pursuant to T.R. 52(B) is inconsequential if the judgment constitutes an acquittal for purposes of the prohibition against double jeopardy. In other words, double jeopardy considerations may supersede the prescription of procedural rules.

■ "[W]hat constitutes an 'acquittal' is not to be controlled by the form of the judge's action, [but by] whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 *quoted in State v. Lewis* (1989), Ind., 543 N.E.2d 1116, 1118. In this case, the trial court passed upon the sufficiency of the evidence to convict Tinker of robbery as a class B felony when it rendered its initial finding, mistaken or not, that Tinker was guilty only of the included class C felony. In so doing, it acquitted Tinker of the class B felony. Conviction of an included offense is, for double jeopardy purposes, an acquittal of the greater offense charged. *Green v. United States* (1957), 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199. "[W]hether the trial is to a jury or to the bench, subjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause." *Smalis v. Pennsylvania* (1986),

2. U.S. Const. amend. V; Ind. Const. art. I, § 14.

476 U.S. 140, 147, 106 S.Ct. 1745, 1749, 90 L.Ed.2d 116 (citing *Arizona v. Rumsey* (1984), 467 U.S. 203, 211–212, 104 S.Ct. 2305, 2310, 81 L.Ed.2d 164.) "An acquittal on the merits bars retrial even if based upon legal error." *United States v. Scott* (1978), 437 U.S. 82, 98, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65. Therefore, it is of no consequence whether T.R. 52(B) would allow the trial court to amend its judgment or that the amendment occurred before sentencing and entry of a final judgment because the result, under either alternative, violated Tinker's protection against double jeopardy.

■ Finally, Tinker did not waive this claim by failing to "object to the trial court's action or to object to the sentence imposed," as the state argues.[3] Appellee's Brief at 7. The state claims its motion was made pursuant to Indiana Rules of Procedure, Trial Rule 52(B), and cites *Cansler v. State* (1972), 258 Ind. 450, 281 N.E.2d 881 for the proposition that the rule applies to criminal cases. Assuming the rule is applicable, Tinker was not required to object to the State's motion; he need only have raised the issue in his motion to correct error. Trial Rule 52(B), in relevant part, states:

> Failure of a party to move to modify the findings or judgment under this subdivision and failure to object to proposed findings or judgment or such findings or judgment which has been entered or record shall not constitute a waiver of the right to raise the question in or with a motion to correct errors.

Tinker raised the double jeopardy issue in his motion to correct error.

Of course, if T.R. 52(B) was inapplicable, Tinker's motion to strike is sufficient to preserve error. In it he argued the state's motion was without any legal basis. Tinker's assertion was correct because any amendment of the fact finding determination would violate his protection against double jeopardy. Therefore, it was impossible for the state to aver a cognizable claim. The lack thereof is a sufficient basis for a T.R. 12(F) motion to strike.

**3.** Although Tinker moved to strike the state's motion for additional fact finding, his motion

## II

■ Tinker's argument on the sufficiency of the evidence to sustain his conviction is an attack on the credibility of the testimony of the victim Ingram and an accomplice, Thomas Singleton. Certainly Ingram, the victim, evidenced some confusion and Singleton, as an accomplice, was an interested party. Nevertheless, the fact finder, as was its prerogative, credited the testimony of these witnesses, perhaps for the reason that the testimony of each corroborated the other. It is the fact finder's responsibility and not this court's to judge the credibility of witnesses. The evidence construed most favorably to the conviction of a class C robbery is that four individuals, including Tinker, forcibly took property from Ingram. That evidence is sufficient to sustain his conviction of robbery as a class C felony.

Judgment convicting Tinker of robbery as a class B felony is vacated and cause remanded with instructions to re-enter a conviction of robbery as a class C felony and to resentence Tinker accordingly.

BUCHANAN and ROBERTSON, JJ., concur.

did not specifically identify his double jeopardy concerns.