James N. **LINDSEY,** Appellant–Defendant,

v.

**STATE of Indiana,** Appellee–Plaintiff.

**No. 59A01–0703–CR–107.**

Court of Appeals of Indiana.

Dec. 3, 2007.

---

Nick J. Herthel, Herthel & Herthel, Bedford, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

James N. Lindsey was convicted of Operating a Vehicle with an Alcohol Concentration Equivalent (A.C.E.) of. 15 or More,[1] a class A misdemeanor, and was also found to be a Habitual Substance Offender (HSO).[2] The trial court sentenced Lindsey to one year on the misdemeanor conviction and enhanced that sentence by an additional seven years for the HSO determination, resulting in a total sentence of eight years. Upon appeal, Lindsey presents five issues for our review:

1. Was Lindsey denied due process of law when the State failed to disclose evidence relating to his status as an HSO in violation of a pre-trial discovery order?

2. Does Lindsey's HSO sentence enhancement violate the proportionality clause of the Indiana Constitution?

3. Is it cruel and unusual punishment for Lindsey to serve an eight-year sentence at the Orange County Jail?

4. Did the trial court improperly overlook as a mitigating circumstance Lindsey's guilty plea to being an HSO when it imposed a seven-year sentencing enhancement?

5. Is Lindsey's eight-year sentence inappropriate?

We affirm.

On August 14, 2006, Lindsey was operating a vehicle with an A.C.E. of .15 or more when he was involved in an automobile accident which resulted in the deaths of two teenage girls. Prior to the instant accident, between 1988 and 1998, Lindsey was convicted of three separate charges of class A misdemeanor operating while intoxicated (OWI) and one class D felony charge of OWI.

On August 15, 2006, the State charged Lindsey with two counts of causing death while operating a vehicle with an A.C.E. of .15 or more, as class B felonies, and two counts of OWI causing death, as class C felonies. On August 30, 2006, the State filed an additional count alleging Lindsey to be an HSO. A jury trial was held on February 5, 2007, at the conclusion of which the jury found Lindsey guilty of the lesser included offenses of operating a vehicle with an A.C.E. of .15 or more as a class A misdemeanor and OWI as a class C misdemeanor. Following the jury verdict,

---

1. Ind.Code Ann. § 9–30–5–1 (West, PREMISE through 2007 Public Laws approved and effective through April 8, 2007).

2. Ind.Code Ann. § 35–50–2–10 (West, PREMISE through 2007 Public Laws approved and effective through April 8, 2007).

Lindsey pleaded guilty to being an HSO. On February 26, 2007, the trial court sentenced Lindsey to one year for the A misdemeanor conviction and enhanced that sentence by seven years for his status as an HSO.[3] On April 23, 2007, the trial court issued a new sentencing order, ordering that Lindsey serve the remainder of his sentence at the Orange County Jail because the Department of Correction would not accept Lindsey based on the fact that his conviction was for a misdemeanor.

Because Lindsey's claims relate to his status as an HSO, we set out provisions relevant to his arguments prior to addressing the issues he presents for review. Under I.C. § 35–50–2–10(b), the State may seek to have a person sentenced as an HSO for any substance offense if that person has accumulated two prior unrelated substance offense convictions. A substance offense is any class A misdemeanor or felony offense "in which the possession, use, abuse, delivery, transportation, or manufacture of alcohol or drugs is a material element of the crime", including offenses under I.C. 9–30–5. *See* I.C. § 35–50–2–10(a)(2). If the State proves beyond a reasonable doubt that the person has accumulated two prior unrelated substance offense convictions, the person is an HSO. I.C. § 35–50–2–10(e). Once a person is found to be an HSO, the trial court shall sentence the person "to an additional fixed term of at least three (3) years but not more than eight (8) years imprisonment", with the sentence enhancement to be added to the sentence imposed on the underlying substance offense. I.C. § 35–50–2–10(f). If, however, the trial court finds that three or more years have elapsed since the person was discharged from probation, imprisonment, or parole for the last unrelated substance offense conviction,

then the court may reduce the additional fixed term to as little as one year. I.C. § 35–50–2–10(f)(1). Where the reduction in the additional fixed term is authorized by subsection (f), the court may consider aggravating or mitigating circumstances to decide the issue of whether a reduction is warranted or to determine the number of years to be subtracted. I.C. § 35–50–2–10(g). An HSO enhancement must be executed and cannot be suspended to probation. *Reffett v. State*, 844 N.E.2d 1072 (Ind.Ct.App.2006); *Devaney v. State*, 578 N.E.2d 386 (Ind.Ct.App.1991).

1.

■ Lindsey argues that he was denied due process because the State did not disclose evidence relating to the HSO allegation in a timely manner as required by the trial court's discovery order.

Prior to trial and in response to the trial court's discovery order, the State produced two documents relating to the HSO allegation: (1) Lindsey's official driver record as reflected on "accessIndiana", the official website of the State of Indiana, and (2) a pre-sentence investigation report relating to Lindsey's prior class D felony OWI conviction. The report generated from "accessIndiana" outlines Lindsey's prior operating while intoxicated convictions, but does not identify the class of offense (i.e., as a misdemeanor or felony conviction) for purposes of establishing whether the prior offenses qualify as a "substance offense" under I.C. § 35–50–2–10(a)(2). The pre-sentence report references the offense in that case as a class D felony, but indicates that the matter was resolved by a plea agreement to a class A misdemeanor. The pre-sentence report also makes reference to a prior "DWI" conviction without any indication of the class of offense.

---

**3.** The trial court "vacate[d]" the class C misdemeanor conviction finding that it merged

with the class A misdemeanor conviction. *Transcript* at 143.

Assuming the evidence provided during discovery was the only evidence the State would produce as evidence of his status as an HSO and concluding that such evidence was insufficient to support an HSO determination, Lindsey tendered a final instruction defining the lesser included class A misdemeanor substance offense believing that such presented minimal or no risk. The jury ultimately found Lindsey not guilty of the class B felony offense as charged, but guilty of the lesser included class A misdemeanor offense. This offense served as the basis for proceeding on the HSO allegation.

During the HSO phase of the trial, the State sought to introduce certified records evidencing that Lindsey had three prior class A misdemeanor OWI convictions and one prior class D felony OWI conviction. After expressing surprise at the State's evidence, Lindsey objected to admission thereof and requested exclusion of the certified records based upon "surprise, prejudice and violation of the discovery order." *Appellant's Brief* at 14. The trial court refused to exclude the evidence, but indicated that it would grant a short continuance if requested by Lindsey. Lindsey did not request a continuance, but rather, pleaded guilty to the HSO allegation. As a result, Lindsey faced a nonsuspendable sentence enhancement of between one and eight years.[4]

Lindsey maintains that he was prejudiced by the State's conduct in that he "could" have elected to go " 'all or nothing' with the jury" on the felony counts as charged had he been made aware of all of the evidence the State intended to produce to support the HSO allegation. *Appellant's Brief* at 13. Without the class A misdemeanor conviction for operating a ve-

hicle with an A.C.E. of .15 or more, the case could not have proceeded to the second stage as there would have been no qualifying substance offense upon which to base an HSO finding. Lindsey further asserts that a continuance "could not erase the extreme prejudicial effect" that the State's failure to disclose its evidence relating to the HSO allegation had on "his trial strategy and his ability to make informed decisions regarding whether or not to request lesser included offense instructions...." *Appellant's Brief* at 15.

■ Our Supreme Court has set forth the proper roles of trial and appellate courts with regard to resolution of discovery disputes:

"A trial judge has the responsibility to direct the trial in a manner that facilitates the ascertainment of truth, ensures fairness, and obtains economy of time and effort commensurate with the rights of society and the criminal defendant. Where there has been a failure to comply with discovery procedures, the trial judge is usually in the best position to determine the dictates of fundamental fairness and whether any resulting harm can be eliminated or satisfactorily alleviated.... The trial court must be given wide discretionary latitude in discovery matters since it has the duty to promote the discovery of truth and to guide and control the proceedings, and will be granted deference in assessing what constitutes substantial compliance with discovery orders. Absent clear error and resulting prejudice, the trial court's determinations as to violations and sanctions should not be overturned."

*Fosha v. State,* 747 N.E.2d 549, 553–54 (Ind.2001) (*quoting Cliver v. State,* 666

---

4. More than three years had elapsed since Lindsey was completely discharged from his last unrelated substance offense conviction.

He thus qualified for a reduction in the sentencing enhancement to as little as one year. *See* I.C. § 35–50–2–10(f)(1).

N.E.2d 59, 64 (Ind.1996)), *overruled on other grounds by Gutermuth v. State,* 868 N.E.2d 427 (Ind.2007). If a remedial measure is warranted, a continuance is usually the proper remedy. *Fleming v. State,* 833 N.E.2d 84 (Ind.Ct.App.2005). Where a continuance is an appropriate remedy, a defendant will waive any alleged error regarding noncompliance with the trial court's discovery order by failing to request a continuance. *Id.* Where the State's actions were deliberate and the conduct prevented a fair trial, a more extreme remedial measure—exclusion of evidence—may be employed. *Berry v. State,* 715 N.E.2d 864 (Ind.1999). A due process violation will not be found, however, where the defendant failed to exercise due diligence to discover the evidence. *See Ransom v. State,* 850 N.E.2d 491 (Ind.Ct.App. 2006); *Shanabarger v. State,* 798 N.E.2d 210 (Ind.Ct.App.2003), *trans. denied.*

Here, the record reflects that the State's failure to disclose the evidence upon which it intended to rely to support the HSO allegation appears to have been inadvertent, not deliberate. In response to Lindsey's surprise at the certified documents submitted as State's Exhibits 1, 2, 4, 5, and 6, the deputy prosecutor immediately responded that the evidence had been provided during discovery. Following a discussion off the record between counsel and the court, the court referred to the matter as possibly an "oversight". *Transcript* at 48. Under these circumstances, exclusion of the evidence, as requested by Lindsey, was not an appropriate remedy for the discovery violation.

Further, we note that the evidence produced by the State as part of its discovery materials at least put Lindsey on notice of the prior convictions on which the State intended to rely to prove the HSO allegation. The exercise of due diligence would have led Lindsey to discover sufficient evidence existed to establish Lindsey's prior convictions beyond a reasonable doubt in order to prove the HSO allegation. Thus, Lindsey cannot now argue he was prejudiced by the State's failure to produce the certified documents because it caused him to request the instruction on the lesser included class A misdemeanor offense.

2.

■ Lindsey argues that his seven-year HSO sentence enhancement violates the proportionality clause of the Indiana Constitution. Lindsey points out that under the general habitual offender statute, a third-time class D felony offender could receive a maximum sentence enhancement of four and one-half years (i.e., three times the advisory sentence for a class D felony).[5] Lindsey notes that, in contrast, his criminal history, which consists of three misdemeanor convictions and only one felony conviction, is less severe and yet carried a potential eight-year enhancement, out of which he received a seven-year enhancement.

Article 1, section 16 of the Indiana Constitution provides, "All penalties shall be proportioned to the nature of the offense." We have noted before:

The nature and extent of penal sanctions is primarily a legislative consideration, and our review of legislative prescrip-

---

**5.** *See* I.C. § 35–50–2–8 (West, PREMISE through 2007 Public Laws approved and effective through April 8, 2007) (a person found to be a habitual offender shall be sentenced "to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense"); I.C. § 35–50–2–7 (West, PREMISE through 2007 Public Laws approved and effective through April 8, 2007) (providing that the advisory sentence for a class D felony is one and one-half years).

tions of punishment is "highly restrained" and "very deferential." We will not disturb the legislature's determination of the appropriate penalty unless there is a showing of clear constitutional infirmity. Additionally, we are not at liberty to set aside a legislatively sanctioned penalty merely because it seems too severe.

*Foreman v. State,* 865 N.E.2d 652, 655 (Ind.Ct.App.2007) (quoting *State v. Moss–Dwyer,* 686 N.E.2d 109, 111 (Ind.1997)), *trans. denied; see also Rector v. State,* 264 Ind. 78, 339 N.E.2d 551 (1976).

■■■■ A criminal penalty violates the proportionality clause " 'only when a criminal penalty is not graduated and proportioned to the nature of the offense.' " *Foreman v. State,* 865 N.E.2d at 655 (*quoting Conner v. State,* 626 N.E.2d 803, 806 (Ind.1993)) (internal quotes and citation omitted). "Stated differently, a legislatively determined penalty will be deemed unconstitutional by reason of its length only if it is 'so severe and entirely out of proportion to the gravity of the offense committed as to shock public sentiment and violate the judgment of reasonable people.' " *Id. (quoting Teer v. State,* 738 N.E.2d 283, 290 (Ind.Ct.App.2000) (internal quotations and citations omitted), *trans. denied).* In considering the proportionality of a sentence enhancement under the HSO statute, we consider the nature of the present offense and the nature of the prior offenses. *See Roell v. State,* 655 N.E.2d 599 (Ind.Ct.App.1995) (noting that decisions interpreting the general habitual offender statute are applicable to issues arising under the HSO statute); *Young v. State,* 620 N.E.2d 21 (Ind.Ct.App.1993) (considering proportionality claim under general habitual offender statute), *trans. denied.*

Here, Lindsey is asking this court to compare the sentencing enhancements permitted under the HSO statute with those permitted under the general habitual offender statute. In other words, Lindsey is inviting this court to compare the punishments for two different classes of habitual offenders as defined by our legislature and to make the legislative determination that those punishments are disproportionate. We cannot engage in such legislative judgments. *See Rector v. State,* 264 Ind. 78, 339 N.E.2d 551.

In setting forth the range for a sentencing enhancement under the HSO statute, the legislature left to the trial court's discretion the authority to substantially enhance a sentence for a substance offense when presented with a repeat offender such as Lindsey. Given Lindsey's history of OWI offenses and that the current offense is his fifth such violation, a seven-year enhancement is not out of proportion to the gravity of the offense committed. We would be hard-pressed to say that the judgment of reasonable people would be violated by the imposition of a seven-year enhancement for a five-time OWI offender.

3.

■■■ Lindsey argues serving his eight-year sentence at the Orange County Jail constitutes cruel and unusual punishment. As noted above, the DOC refused to accept Lindsey because his conviction is only for a misdemeanor offense.

■■■■ In addition to the requirement of proportionality, article 1, section 16 provides, "Cruel and unusual punishments shall not be inflicted." It has been held that article 1, section 16 "does not entitle a person convicted of a crime in Indiana to any identifiable right to assignment to a particular institution." *Ratliff v. Cohn,* 693 N.E.2d 530, 542 (Ind.1998) (*citing Barnes v. State,* 435 N.E.2d 235 (Ind. 1982)). Rather, "[t]he constitutional prohibition against cruel and unusual punish-

ments proscribes atrocious or obsolete punishments and is aimed at the kind and form of the punishment, rather than the duration or amount." *Dunlop v. State,* 724 N.E.2d 592, 597 (Ind.2000). Punishment is considered cruel and unusual if it " 'makes no measurable contribution to acceptable goals of punishment, but rather constitutes only purposeless and needless imposition of pain and suffering.' " *Ratliff v. Cohn,* 693 N.E.2d at 542 (*quoting Douglas v. State,* 481 N.E.2d 107, 112 (Ind.1985)).

Lindsey maintains that the county jail does not provide him with access to recreation, education, counseling, or other rehabilitative services that would be available to him if he were incarcerated in the DOC. Lindsey asserts in his brief that he is a large man, confined to a small, dark cell for much of every day. Lindsey contends that his incarceration at the county jail "inflicts purposeless, needless and unintended pain and suffering" and further asserts that "[w]ith the advent of the modern DOC, it is obsolete or unusual for such a lengthy commitment to be served at a County Jail." *Appellant's Brief* at 22. Lindsey therefore requests that we reduce his sentence to a number of years more conducive to incarceration at a county jail.

Other than bare assertions in his brief, there is nothing in the record that substantiates Lindsey's claim that his incarceration in the Orange County Jail inflicts purposeless, needless, and unintended pain and suffering. Indeed, Lindsey's request that he remain at the Orange County Jail, but that we reduce his sentence, belies his claim. Until demonstrated otherwise, the Orange County Jail is an acceptable place of incarceration. Lindsey's challenge to the length of time to be served at the county jail is not a valid basis for his claim that his placement constitutes cruel and unusual punishment. Lindsey has not demonstrated serving his time at the Orange County Jail constitutes cruel and unusual punishment.

4.

■ Lindsey argues that the trial court improperly overlooked his guilty plea without the benefit of a plea agreement to the HSO allegation as a mitigating circumstance. "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Anglemyer v. State,* 868 N.E.2d 482, 493 (Ind. 2007), *modified on reh'g,* 875 N.E.2d 218 (2007).

■ It is well settled that a trial court is not obligated to weigh or credit a mitigating factor as the defendant suggests. *Wells v. State,* 836 N.E.2d 475 (Ind. Ct.App.2005), *trans. denied.* Further, the fact that a defendant pleaded guilty does not automatically amount to a significant mitigating factor. *Id.* Where the State "reaps a substantial benefit" from a defendant's guilty plea, "the defendant deserves to have a substantial benefit returned" in terms of the guilty plea being given significant mitigating weight. *Sensback v. State,* 720 N.E.2d 1160, 1164 (Ind.1999). Where, however, the defendant has received a substantial benefit or where the evidence against him is such that the decision to plead guilty is a pragmatic one, the fact that a defendant pleaded guilty does not rise to the level of significant mitigation. *Wells v. State,* 836 N.E.2d 475.

Here, Lindsey pleaded guilty to the HSO allegation only after the State sought to present certified documents clearly establishing his status as an HSO. The State thus did not "reap[ ] a substantial benefit" as Lindsey's decision to plead guilty to the HSO allegation did not save the State time or money. Clearly, Lindsey's guilty plea was a pragmatic decision. Under these circumstances, we cannot say that the trial court abused its discretion in failing to

consider Lindsey's guilty plea to the HSO allegation as a significant mitigating factor.

5.

Lindsey argues that his eight-year sentence is inappropriate. Pursuant to Indiana Appellate Rule 7(B), we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

The trial court identified Lindsey's "extensive" criminal history as the sole aggravating factor. *Transcript* at 145. Specifically, the court noted that Lindsey's criminal history consisted of three prior class A misdemeanor OWI convictions, one class D felony OWI conviction, a public intoxication conviction, and a check deception conviction. The court placed emphasis on the fact that five of Lindsey's prior criminal offenses involved alcohol. As a mitigating circumstance, the court noted the hardship on Lindsey's family resulting from his incarceration. The court concluded, however, that Lindsey's criminal history "far outweighed" the mitigating circumstance. *Id.* at 144. The trial court then imposed the maximum sentence of one year on his class A misdemeanor conviction[6] and enhanced such sentence by seven years for the HSO determination.

In arguing that his sentence is inappropriate, Lindsey does not address the nature of the offense, but rather focuses on his character as justification for imposition of a lesser sentence. Specifically, Lindsey makes light of his criminal history, pointing out that he has only one prior felony conviction. Lindsey further points out that his last OWI conviction was over eight and one-half years prior to his arrest in the instant cause. Based on the latter, Lindsey notes that he qualified for an HSO

sentencing enhancement of as little as one year and takes issue with the court's imposition of a sentence seven times that amount. Lindsey argues that the upper range of the HSO sentence enhancement should be reserved for the worst substance offense felons and "not a person who may abuse alcohol or be alcoholic." *Appellant's Brief* at 27–8. Lindsey also asks that we consider his character as reflected by his accomplishments throughout his life, that he is married and supports his family, that he has expressed remorse and sympathy to the families of the deceased, and that he is interested in dealing with his substance abuse issues.

Having considered the trial court's explanation for the sentence imposed and what the record reveals about Lindsey's character, we cannot say that the sentence imposed is inappropriate. Most telling of Lindsey's character and directly related to the instant offense and HSO enhancement is Lindsey's significant history of criminal convictions involving operating a vehicle while intoxicated and an additional conviction involving alcohol. His prior contacts with the criminal justice system and his acknowledgment that he has a substance-abuse problem have not deterred his behavior. In light of his continued substance abuse and complete disregard for the laws of this state and the safety of others traveling on the roadways, we cannot say the sentence imposed is inappropriate in light of the character of this offender.

The judgment is affirmed.

SHARPNACK, J., and RILEY, J., concur.

---

**6.** I.C. § 35–50–3–2 (West, PREMISE through 2007 Public Laws approved and effective through April 8, 2007) ("[a] person who com-

mits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year....").