**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 28 2012, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRIS M. TEAGLE**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NATHAN W. GOLDEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 05A02-1204-CR-345 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BLACKFORD SUPERIOR COURT
The Honorable J. Nicholas Barry, Judge
Cause No. 05D01-1110-FD-428

**September 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Nathan Golden appeals the sentence imposed following his conviction for Class D felony theft. We affirm.

## Issue

The sole issue before us is whether Golden's three-year sentence, with two years suspended, is inappropriate.

## Facts

On October 28, 2011, Golden went to a gas station in Hartford City and shoplifted a candy bar. Golden claims that at the time of the offense he was under the influence of propofol, an anesthetic that he received for a back injury he sustained several years earlier.

On October 31, 2011, the State charged Golden with one count of Class D felony theft. On January 12, 2012, Golden agreed to plead guilty to the charge, with the State agreeing to a cap of one year for any executed part of the sentence. On March 21, 2012, the trial court sentenced Golden to a term of three years, with one year executed and two years suspended to probation. Golden now appeals.

## Analysis

Golden argues solely that his sentence is inappropriate under Indiana Appellate Rule 7(B) in light of his character and the nature of the offense. See Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007). Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due

consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

We concede that the nature of the offense here is about as insignificant as it could possibly be for a count of Class D felony theft. Golden shoplifted one candy bar from a gas station. Golden also asserts that he was under the lingering influence of the anesthetic propofol at the time of the crime, which he took under medical guidance for a back injury.

3

Regarding Golden's character, however, he has several prior convictions, including three for Class D felony receiving stolen property, one for Class D felony theft, one for Class C felony possession of a handgun with altered identification marks, one for Class A misdemeanor carrying a handgun without a license, and one for Class A misdemeanor criminal recklessness with a vehicle. He also had probation revoked on one prior occasion and was on probation for the criminal recklessness conviction when he committed the present offense. Although Golden argues that most of his criminal history was not recent—except for criminal recklessness, all of his convictions occurred before 2003—the sheer number of convictions, together with the similarity of many of the convictions to the present offense, is egregious.

Golden did plead guilty. We acknowledge that courts should "carefully assess the potential mitigating weight of any guilty plea." Marlett v. State, 878 N.E.2d 860, 866 (Ind. Ct. App. 2007), trans. denied. Golden received a benefit from the plea agreement in that the executed portion of his sentenced was capped at one year. A guilty plea is less mitigating when the defendant receives a substantial benefit from it. Lindsey v. State, 877 N.E.2d 190, 198 (Ind. Ct. App. 2007), trans. denied.

Moreover, as instructed by Davidson, it is relevant that two years of Golden's three-year sentence were suspended and only one year is executed. In other words, even though Golden technically received a maximum sentence for this crime, the punitive effect of that sentence is less than if he had been required to serve all three years of his

4

sentence in prison.  We conclude that despite the minor nature of the offense here, Golden's sentence is not inappropriate in light of his character.

**Conclusion**

Golden's sentence is not inappropriate.  We affirm.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.