

Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

FILED

Nov 26 2013, 5:40 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**YVETTE M. LAPLANTE**
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANDON A. SCOTT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A04-1303-CR-128 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable David D. Kiely, Judge
The Honorable Kelli E. Fink, Magistrate
Cause No. 82C01-1201-FA-134

**November 26, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Brandon Scott appeals his conviction for Class C felony possession of cocaine. We affirm.

## Issues

Scott raises three issues, which we consolidate and restate as:

I.      whether the trial court abused its discretion by admitting evidence discovered during a patdown search; and

II.     whether the trial court abused its discretion by admitting a statement made by Scott to the police where the statement was not timely produced by the State pursuant to a discovery order.

## Facts

On the afternoon of November 2, 2011, Evansville Police Officer Brian Watson saw Scott walking down the middle of Elliott Street even though the sidewalks were unobstructed. Officer Watson got out of his car and asked Scott to stop, and Scott complied. Officer Watson noticed that Scott had his right hand in his front pocket, and he asked Scott to remove his hand from his pocket. Scott did not comply despite several requests. When Scott finally complied, Officer Watson saw him looking in different directions, which Officer Watson believed was an indication that Scott was going to run. Officer Watson suspected that Scott may have had a weapon in his pocket. Scott then put his hand back into his pocket, and Officer Watson again ordered him to remove his hand from his pocket. Officer Watson then did a patdown search of Scott and felt what he believed was crack cocaine in Scott's front right pocket. In his pocket, Scott had four

bags containing over thirty smaller bags of what was later identified as cocaine and a cutting agent. After receiving Miranda warnings, Scott asked if he could "work off the charge" by providing information about his supplier. Tr. p. 81.

The State charged Scott with Class A felony dealing in cocaine in an amount over three grams.[1] Scott filed a discovery request that included a request for "the substance of any oral statements made by Defendant." Appellant's App. p. 60. However, the State did not disclose Scott's oral statement at that time. Scott also filed a motion to suppress, arguing that the patdown search was unlawful, but the trial court denied the motion.

On January 24, 2013, the day of the motion to suppress hearing, Officer Watson gave the State a supplemental report, which included Scott's oral statement. The State immediately informed Scott's counsel of the oral statement, and Scott filed a motion to exclude the statement. The trial court denied Scott's motion on January 25, 2013, but offered him a continuance of the trial scheduled for January 28, 2013. Scott rejected the offer, but on January 28, 2013, the morning of his trial, he renewed his motion to exclude the statement and asked for a continuance if that motion was denied. The trial court again denied the motion to exclude and also denied the motion for a continuance. The jury found Scott guilty of the lesser-included offense of Class C felony possession of cocaine. Scott now appeals.

## Analysis

### *I. Patdown Search*

---

[1] He was originally charged with two counts of Class A felony dealing in cocaine, but one of the charges was later dropped.

3

Scott argues that the cocaine was inadmissible because the patdown search violated his rights under the Fourth Amendment of the United States Constitution.[2] We review the admission of evidence for an abuse of discretion. Wilson v. State, 765 N.E.2d 1265, 1272 (Ind. 2002). An abuse of discretion occurs "where the decision is clearly against the logic and effect of the facts and circumstances." Smith v. State, 754 N.E.2d 502, 504 (Ind. 2001).

The State argues that Scott waived this argument by failing to object to the testimony of Officer Watson, another officer, and the forensic chemist. Scott argues that he preserved this argument by objecting to the admission of the cocaine. However, we need not address the waiver argument because, even if Scott preserved this argument by objecting to the cocaine, we conclude that the patdown search did not violate Scott's Fourth Amendment rights, and the trial court properly admitted the cocaine.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures by the government. Patterson v. State, 958 N.E.2d 478, 482 (Ind. Ct. App. 2011). "Searches performed by government officials without warrants are per se unreasonable under the Fourth Amendment, subject to a 'few specifically established and well-delineated exceptions.'" Holder v. State, 847 N.E.2d 930, 935 (Ind. 2006) (quoting Katz v. United States, 389 U.S. 347, 357, 88 S. Ct. 507, 514 (1967)). A search

---

[2] Scott also argues that the search violated Article 1, Section 11 of the Indiana Constitution. However, because Scott has failed to provide us with an analysis of his Indiana constitutional claim separate from the federal analysis, he has waived any claim of error on that point. See Francis v. State, 764 N.E.2d 641, 647 (Ind. Ct. App. 2002).

without a warrant requires the State to prove an exception to the warrant requirement applicable at the time of the search. Id.

One exception was established in Terry v. Ohio, in which "the United States Supreme Court held that a police officer may briefly detain a person for investigatory purposes if, based on specific and articulable facts together with reasonable inferences drawn therefrom, an ordinarily prudent person would reasonably suspect that criminal activity was afoot." Patterson, 958 N.E.2d at 482 (citing Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884 (1968)). Reasonable suspicion is determined on a case-by-case basis by examining the totality of the circumstances. Id.

"In addition to detainment, Terry permits a police officer to conduct a limited search of the individual's outer clothing for weapons if the officer reasonably believes that the individual is armed and dangerous." Id. at 482-83. "An officer's authority to perform such a pat-down search of a detained individual during a Terry stop is dependent upon the nature and extent of the officer's particularized concern for his or her safety." Id. at 483 (citing Rybolt v. State, 770 N.E.2d 935, 938 (Ind. Ct. App. 2002), trans. denied). The officer only needs reasonable suspicion that the individual is armed to justify a limited patdown search of the individual's outer clothing. Id. at 485. "[T]here must exist articulable facts to support an officer's reasonable belief that the particular individual is armed and dangerous." Id. at 486. "In determining whether an officer acted reasonably under the circumstances, we consider the specific, reasonable inferences that the officer is entitled to draw from the facts in light of his or her experience." Id.

Scott argues that Officer Watson did not have a reasonable belief that Scott was armed. In support of his argument, Scott relies on Hill v. State, 956 N.E.2d 174 (Ind. Ct. App. 2011), trans. denied. In Hill, an officer stopped the defendant because he matched a vague description of a fleeing suspect. The defendant reached into his pocket, but he complied when the officer instructed him to take his hand out. The officer believed that the defendant was preparing to flee, and the defendant gave "inconsistent and nonsensical" statements about what he was doing. Hill, 956 N.E.2d at 176. The officer performed a patdown search and discovered a small amount of marijuana in the defendant's pocket. On appeal, we held that the patdown search was improper. We focused on the fact that the defendant complied with the officer's request to remove his hand from his pocket. We concluded that "the Fourth Amendment requires that the officer have a particularized suspicion, or more than a 'hunch,' that a person is armed and dangerous before conducting a pat-down search for weapons." Id. at 179. We held that the evidence did not support a determination that the officer had a reasonable belief that the defendant was armed and dangerous, and the patdown search was an illegal search under the Fourth Amendment.

However, we find the circumstances in Williams v. State, 754 N.E.2d 584 (Ind. Ct. App. 2001), trans. denied, more similar to the facts here. In Williams, a police officer stopped the defendant for traffic violations, and the defendant got out of his car with his hands in his pockets and began walking toward the police car. The defendant was nervous, sweating, and his legs were shaking. Despite the officer's repeated orders for the defendant to remove his hands from his pockets, the defendant failed to comply. The

6

officer then ordered the defendant to put his hands on the police car, but the defendant put his hand in his pocket again. When the officer tried to perform a patdown search, the defendant grabbed the officer's wrist. The officer found cocaine in the defendant's pocket, and the trial court admitted the cocaine at trial. On appeal, we held that the defendant's behavior "warranted the officer's reasonable fear for his safety and the subsequent pat down search" of the defendant. Williams, 754 N.E.2d at 588.

As in Williams, Scott repeatedly failed to comply with the officer's requests to remove his hands from his pocket. He also acted as if he was going to flee. Under these circumstances, we conclude that Scott's behavior warranted Officer Watson's reasonable fear for his safety and reasonable belief that Scott was armed. The patdown search did not violate Scott's Fourth Amendment rights, and the trial court properly admitted the evidence found as a result of the patdown search.[3]

---

[3] Scott also argues that Officer Watson exceeded his authority given by Indiana Code Section 34-28-5-3, which provides:

> Whenever a law enforcement officer believes in good faith that a person has committed an infraction or ordinance violation, the law enforcement officer may detain that person for a time sufficient to:
>
> (1)     inform the person of the allegation;
>
> (2)     obtain the person's:
>
>      (A)     name, address, and date of birth; or
>
>      (B)     driver's license, if in the person's possession; and
>
> (3)     allow the person to execute a notice to appear.

According to Scott, Officer Watson did not indicate that he was going to do any of the activities listed in Indiana Code Section 34-28-5-3. However, Scott cites no authority that would require Officer Watson to perform the activities listed in the statute prior to securing his safety, and we decline to impose such a requirement.

## II. Discovery Violation

Scott argues that the trial court abused its discretion by admitting Scott's oral statement that was not timely disclosed pursuant to his discovery requests. "The trial court must be given wide discretionary latitude in discovery matters since it has the duty to promote the discovery of truth and to guide and control the proceedings, and will be granted deference in assessing what constitutes substantial compliance with discovery orders." Lindsey v. State, 877 N.E.2d 190, 195 (Ind. Ct. App. 2007), trans. denied. "Absent clear error and resulting prejudice, the trial court's determinations as to violations and sanctions should not be overturned." Id. If a remedial measure is warranted, a continuance is usually the proper remedy. Id. "Where a continuance is an appropriate remedy, a defendant will waive any alleged error regarding noncompliance with the trial court's discovery order by failing to request a continuance." Id. "Where the State's actions were deliberate and the conduct prevented a fair trial, a more extreme remedial measure—exclusion of evidence—may be employed." Id.

When presented with the State's failure to timely disclose Scott's oral statement, the trial court offered Scott a continuance of the trial date, and Scott refused the offer. Three days later, on the morning of the trial, Scott changed his mind and requested a continuance, which the trial court denied because they were ready to proceed with the trial. Given Scott's initial refusal of the trial court's offer of a continuance, we conclude that Scott waived any claim of error with respect to the admission of the oral statement.

Waiver notwithstanding, the trial court did not abuse its discretion by admitting the statement. Scott has failed to demonstrate that the State's actions were deliberate and

8

the conduct prevented a fair trial. The statement at issue is Scott's request to "work off the charge" by providing information about his supplier. Tr. p. 81. The officer did not put this statement in the initial reports to protect Scott and keep the information out of the public records. When the officer realized that Scott did not "work off the charge," he prepared a supplemental report. When the State received the supplemental report, it immediately gave the report to Scott's counsel. Under these circumstances, there is no evidence that the delay in disclosing the oral statement to Scott's counsel was deliberate or in bad faith.

Further, there is no indication that the admission of the statement prevented Scott from having a fair trial. There was already substantial evidence of Scott's possession of the cocaine. We agree with the State that the impact of "this statement was relatively minor and unimportant compared to other evidence of guilt." Appellee's Br. p. 21. We conclude that the trial court properly admitted Scott's oral statement despite the State's failure to timely disclose the statement. See, e.g., Lindsey, 877 N.E.2d at 196 (holding that the exclusion of evidence was not an appropriate remedy for the State's discovery violation).

**Conclusion**

The trial court properly admitted evidence found as a result of the patdown search because the patdown search did not violate Scott's Fourth Amendment rights. Further, the trial court properly admitted Scott's oral statement despite the State's discovery violation. We affirm.

9

Affirmed.

CRONE, J., and PYLE, J., concur.