Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 29 2014, 6:29 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| FRANK R. LEMPERA, III, | ) | |
| Appellant-Defendant, | ) | |
| vs. | ) | No.  56A05-1404-CR-167 |
| STATE OF INDIANA, | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE NEWTON SUPERIOR COURT
The Honorable Daniel J. Molter, Judge
Cause No. 56D01-1303-FB-6

**December 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Frank R. Lempera III ("Lempera") was convicted of Dealing in a Schedule I, II, or III Controlled Substance, as a Class B felony,[1] and Dealing in a Schedule IV Controlled Substance, as a Class C felony.[2]  Lempera was also adjudicated to be a Habitual Substance Offender.[3]  Lempera appeals.  We affirm the convictions, but reverse in part the trial court's sentencing order and remand with instructions to correct it.

## Issues

Lempera presents two issues on appeal, which we restate as:

I.      Whether the trial court erred when it denied Lempera's motion for a continuance and motion to exclude evidence related to a State's witness that was disclosed shortly before trial; and

II.      Whether there was sufficient evidence to support his convictions.

In addition, we address an issue first raised in the State's brief:

III.      Whether the trial court's sentencing order is erroneous.

## Facts and Procedural History

In October 2012, Newton County Sheriff's Department Deputy Sheriff David Rowe ("Deputy Rowe") enlisted Michael Harris ("Harris") as a confidential informant to assist with investigations into illegal sales of prescription drugs in Newton County.  Harris

---

[1] Ind. Code § 35-48-4-2(a)(1).  Due to substantial revisions to the Indiana Code effective July 1, 2014, this offense is now a Level 6 felony.  We refer to the version of the statute in effect at the time of Lempera's offense.

[2] I.C. § 35-48-4-3(a)(1).  This offense is now a Class A misdemeanor.

[3] I.C. § 35-50-2-10(b).  This statute was repealed effective July 1, 2014.

2

identified Lempera as a person from whom he could illegally buy drugs and agreed to participate in a controlled buy of prescription pills from Lempera.

On November 9, 2012, during a controlled buy supervised by Deputy Rowe, Lempera sold Harris six pills of Xanax, a brand name of the controlled substance alprazolam,[4] for twenty dollars. On December 16, 2012, Deputy Rowe facilitated a second controlled buy in which Lempera sold Harris pills containing acetaminophen and the controlled substance hydrocodone,[5] also known by the common brand name Vicodin. Deputy Rowe made audio recordings of both buys using recording equipment attached to Harris and Harris's car.

On March 1, 2013, Lempera was arrested and charged with one count of Dealing in a Schedule I, II, or III Controlled Substance, as a Class B felony, for the December 16, 2012 sale of hydrocodone ("Count I"), and one count of Dealing in a Schedule IV Controlled Substance, as a Class C felony, for the November 9, 2012 sale of alprazolam ("Count II"). The State also alleged Lempera to be a habitual substance offender because Lempera had two prior, unrelated substance offense convictions.

On March 4, 2013, Lempera filed a motion to produce evidence that requested:

> 2.    A copy of all written or recorded statements, memoranda, and summaries of oral statements of persons whom the Prosecuting Attorney intends to call as witnesses in the prosecution of this cause of action . . . .
> [. . . .]

---

[4] Alprazolam is schedule IV controlled substance. I.C. § 35-48-2-10.

[5] Hydrocodone is a schedule II controlled substance. I.C. § 35-48-2-6.

(App. at 23-25.) That same day, the court ordered the State to provide Lempera with discovery.

On February 14, 2014, the trial court held a pretrial hearing on various motions filed by the parties. At the hearing, the parties discussed the State's witness list, which the State filed on February 12, 2014. The list included Amy Jarrell ("Jarrell") and listed her address as "512 E. Seymour Street, Kentland, IN 47951." (App. at 94.) The address was the same as a local CVS Pharmacy, but the business name was not disclosed and Jarrell was not identified as an employee.

On Friday, February 28, 2014, with the trial scheduled to begin on Monday, March 3, 2014, the court held a second pretrial hearing. During the hearing, the State revealed that Jarrell was a CVS pharmacist who would testify about the identity of the pills Lempera sold to Harris. Lempera did not move for a continuance or to exclude Jarrell's testimony.

On March 4, 2014, during phase one of his bifurcated trial, Lempera orally moved to exclude Jarrell, citing the State's failure to timely disclose her as an expert witness in accordance with his 2013 motion to produce evidence and the court's discovery order. In ruling on the motion, the court gave the following instructions:

> Prior to her introduction or her testimony to be introduced, we will take a recess to permit the Defendant an opportunity to converse with her and see if any other action needs to be taken other than her background or curriculum vitae or whatever you want to say. But I do want [Lempera] to have an opportunity to talk to her before her testimony is offered. We'll go from there. And if [Lempera] can show a prejudice, then of course we are forced to take a continuance. Otherwise, there is no prejudice and we will hear her testimony.

(Tr. at 50.)

4

On March 4, 2014, the trial court heard the testimony of the pharmacist outside the presence of the jury, at which time Lempera's counsel questioned her. Before and after his cross-examination, Lempera moved for a continuance. The court found that "the Defendant has effectively completed a cross examination of the witness and is not prejudiced by the introduction of the limited testimony of Amy Jarrell as to the identification of the controlled substances introduced into evidence in this cause." (App. at 123.) Over Lempera's continuing objection, the court permitted Jarrell to testify in front of the jury that the pills Lempera sold Harris contained the controlled substances alprazolam and hydrocodone. (Tr. at 164-66.)

At the conclusion of the trial's first phase, Lempera was found guilty of and the court entered judgments of conviction on Counts I and II. In phase two, by agreement with the State, Lempera admitted to being a habitual substance offender in exchange for a maximum enhancement of four years on his convictions in phase one. The court adjudicated Lempera a habitual substance offender.

On March 19, 2014, the court sentenced Lempera to fifteen years imprisonment on Count I, enhanced by four years as a result of his habitual substance offender status, for an aggregate term of nineteen years. The court sentenced Lempera to four years imprisonment on Count II, to be served concurrently with his sentence in Count I. The court also ordered that Lempera's sentence in Count I be served concurrently with his sentence in a separate case, 56D01-1108-FA-6 ("FA-6"), in which Lempera was on probation when he committed the offenses in this case.

Lempera now appeals.

**Discussion and Decision**

Motions to Exclude and Continue

Lempera first contends that the trial court erred by failing to exclude Jarrell's testimony or grant Lempera a continuance after the State, in an alleged violation of the discovery order, failed to disclose Jarrell's occupation or the substance of her testimony until shortly before trial. Trial courts are granted wide latitude in matters concerning discovery, and it is within the trial court's discretion to determine whether there has been substantial discovery noncompliance. Mers v. State, 496 N.E.2d 75, 83 (Ind. 1986). Absent clear error and resulting prejudice, a trial court's discovery ruling will not be overturned. Id.

When discoverable evidence is withheld in violation of a discovery order, generally the proper remedy is a continuance or exclusion of the evidence. Id. A continuance sought on non-statutory grounds is within the discretion of the trial court, and we will not disturb the court's decision absent a clear demonstration of an abuse of that discretion. Elmore v. State, 657 N.E.2d 1216, 1218 (Ind. 1995). A continuance is the proper remedy for a discovery violation "unless the State's action is so misleading as to demonstrate such bad faith that exclusion of the evidence is necessary to protect the defendant's fair trial rights." Mers, 496 N.E.2d at 83. "Exclusion is usually granted only if the State has blatantly and intentionally failed to provide discovery or if the exclusion is necessary to avoid substantial prejudice to the defendant." Id.

In this case, the State disclosed Jarrell as a witness on February 12, 2014. Although the State did not identify Jarrell as a CVS pharmacist, her address on the witness list was

6

the local CVS store. At the first pretrial hearing, the parties discussed the witness list, but neither party mentioned or inquired about Jarrell. On Friday, February 28, 2014, with the trial scheduled to begin on Monday, the State revealed during the pretrial hearing that Jarrell was a pharmacist and that she would identify the pills Lempera sold as controlled substances. Lempera did not object to the State's disclosure at that time, nor did he move for a continuance or to exclude the testimony. He also did not seek to depose Jarrell over the weekend.

Rather, on the second day of trial, Lempera orally moved to exclude Jarrell as a witness. In response to his motion, the court permitted Lempera to question Jarrell prior to her formal testimony and outside the presence of the jury. The court stated that if Lempera could show he would be prejudiced by Jarrell's testimony, the court would grant a continuance as the proper remedy. After Lempera's examination, the court found that Lempera would not be prejudiced by Jarrell's testimony, but limited her testimony to identification of the pills. During his cross-examination, Lempera questioned Jarrell about her methodology for identification and familiarity with certain pill characteristics.

Lempera has not alleged or shown that the State blatantly or intentionally failed to disclose a witness.[6] Instead, he argues that the State was noncompliant with the discovery order by failing to identify Jarrell as a pharmacist on the witness list and to provide him with the substance of her testimony. Although perhaps the better practice would have been

---

[6] Although Lempera alleges in passing that the special prosecuting attorney appointed in this case violated Indiana Professional Conduct Rule 3.8(d) by failing to disclose evidence "that tends to negate the guilt of the accused or mitigates the offense," Lempera does not provide a cogent argument to support this assertion. Accordingly, this argument is waived. See Ind. Appellate Rule 46(A)(8)(a); Moore v. State, 869 N.E.2d 489, 491-92 (Ind. Ct. App. 2007).

for the State to disclose Jarrell's occupational title and the business name on the witness list, the State did disclose her as a witness on February 12, 2014. Lempera did not object to the disclosure at that time, and he apparently failed to investigate her identity or the substance of her testimony in the weeks leading up to trial. Moreover, during a hearing on the Friday before trial, Lempera received advance notice from the State that Jarrell was a pharmacist, but did not at that time inquire about her experience or expected testimony. On these facts, we cannot say that Lempera has shown that the State's witness list was so misleading as to demonstrate bad faith or so prejudicial such that exclusion of Jarrell's testimony was necessary to protect his rights to a fair trial. See Lindsay v. State, 877 N.E.2d 190, 196 (Ind. Ct. App. 2007) (holding that where the prosecution did not deliberately withhold evidence that the defendant, through the exercise of due diligence, could have discovered, the defendant could not show that he was prejudiced by its admission), trans. denied.

Lempera also argues that, as a result of the State's late disclosure of Jarrell's occupation and testimony, he "was prejudiced by his inability to adequately prepare for cross-examination of [Jarrell]." (Appellant's Br. at 17.) During trial, the court afforded Lempera the opportunity to question Jarrell prior to her testimony to determine whether a continuance was necessary to protect his rights. Based on this examination, the court found that Lempera "had adequate time to cross-examine and in fact has very effectively cross-examined [Jarrell] with regard to [her testimony]." (Tr. at 162.) The court then limited her testimony to identification of the pills. On appeal, Lempera does not point to any specific deficiencies in his cross-examination that lead us to conclude that the court abused its

8

discretion in finding that a continuance was unnecessary. We therefore cannot conclude that Lempera was prejudiced when the court permitted him advance opportunity to question Jarrell and, based on his "very effective[]" cross-examination, denied his motion for a continuance. (Tr. at 162.)

Lempera also argues that any error the trial court made by admitting Jarrell's testimony "was compounded by the pharmacist's testimony that chain of custody was interrupted." (Appellant's Br. at 19.) Here, Lempera seems to argue that the pills should not have been introduced into evidence because Jarrell's testimony suggests that the chain of custody was broken. He further argues that the alleged chain of custody violation, coupled with the court's orders on the discovery motions, constitute fundamental error.

Because Lempera did not make a chain of custody objection at trial, his argument is waived unless he can establish fundamental error. See Troxell v. State, 778 N.E.2d 811, 814 (Ind. 2002) ("Because there was no chain of custody objection to this evidence [at trial], this claim is not available on appeal unless it constituted fundamental error."). "Fundamental error is extremely narrow and available only when the record reveals a clearly blatant violation of basic and elementary principles, where the harm or potential for harm cannot be denied, and which violation is so prejudicial to the rights of the defendant as to make a fair trial impossible." Jewell v. State, 887 N.E.2d 939, 942 (Ind. 2008). Moreover, to successfully challenge the chain of custody at this stage, "one must present evidence that does more than raise a mere possibility that the evidence may have been tampered with." Troxell, 778 N.E.2d at 814.

Here, Jarrell's testimony establishes that the police officers brought the pills to her and she identified them in the presence of a police officer. Lempera does no more than raise the mere possibility of tampering, and therefore has not established error, let alone the type of prejudice necessary to support a claim of fundamental error. And because we find no error in the trial court's rulings, we also find no basis to reverse on Lempera's claim that the court's orders on the motions and the alleged tampering together constitute fundamental error.

The trial court did not err in denying Lempera's motions to continue and to exclude Jarrell's limited testimony.

### Sufficiency

Lempera also contends there was insufficient evidence to support his conviction. Specifically, he argues that the State failed to prove that the pills Lempera sold were controlled substances because "[t]he only testimony or evidence that tended to establish the pills . . . were contraband was the testimony of [Jarrell]" and "her testimony should have been excluded." (Appellant's Br. at 24.) Because we hold that the trial court did not err in denying Lempera's motion to exclude Jarrell's testimony, we cannot conclude that there was insufficient evidence to support his conviction.[7]

### Sentencing

Although not raised by Lempera, we address the State's argument that the trial court's sentencing order is erroneous. "[S]ound policy and judicial economy favor

---

[7] Because we affirm his convictions, the trial court did not err in adjudicating Lempera as a habitual substance offender.

10

permitting the State to present claims of illegal sentence on appeal when the issue is a pure question of law that does not require resort to any evidence outside the appellate record." Hardley v. State, 905 N.E.2d 399, 403 (Ind. 2009).

The State argues that in both the Abstract of Judgment (the "Abstract") and the trial court's oral statements at sentencing, the court improperly applied the habitual substance offender enhancement to Lempera's sentence. The court's written sentencing order, filed March 19, 2014, clearly states that Lempera's fifteen years sentence on Count I "is enhanced by a term of four (4) years." (App. at 5.) On the other hand, the Abstract shows that Lempera was sentenced to fifteen years on Count I, but under a Count III, identified as "Habitual Substance Offender," the Abstract lists a four year sentence to be served consecutively to Count I. (App. at 127.) We see no error in the court's order, but to the extent that the Abstract conflicts, we clarify that the term of years imposed as a result of Lempera's habitual substance offender adjudication is an enhancement to his sentence in Count I, not a separate conviction. See I.C. § 35-50-2-10(f). We therefore remand with instructions to correct the Abstract in this regard.

The State also contends that the trial court improperly ordered that Lempera's sentence in this case be served concurrently with a sentence in a separate case. Under Indiana Code section 35-50-1-2(d), if a person commits another crime while on probation for a previous crime, the terms of imprisonment must be served consecutively. I.C. § 35-50-1-2(d). At the sentencing hearing in this case, the court also heard testimony on the State's petition to revoke Lempera's probation in FA-6. Lempera was on probation in FA-6 when he committed the offenses in this case. (Tr. at 217.) As a result, the court ordered

11

Lempera's probation revoked and his remaining sentence in FA-6 executed. However, the court ordered his sentence on Count I in this case "served concurrently with the two (2) year sentence imposed under cause 56D01-1108-FA-6." (App. at 5.) The Abstract also clearly states that his sentence in Count I is "Concurrent: 56D01-1108-FA-6." (App. at 127.) In light of Indiana Code section 35-50-1-2(d), the trial court erred in ordering concurrent sentences. We therefore remand with instructions that the court order the sentences in this case and FA-6 be served consecutively.

## Conclusion

The trial court did not err when it denied Lempera's motion to exclude evidence and motion to continue. Moreover, because the evidence was properly admitted, there was sufficient evidence to support his convictions. To ensure accuracy, we remand with instructions to correct the Abstract of Judgment to properly reflect that the term of years imposed as a result of Lempera's habitual substance offender adjudication is an enhancement to his sentence in Count I, not a separate conviction. In addition, because Lempera was on probation when he committed the offenses in this case, we remand with instructions that the trial court order Lempera's sentence in this case to be served consecutively to his sentence in 56D01-1108-FA-6.

Affirmed in part, reversed in part, and remanded with instructions.

ROBB, J., and BROWN, J., concur.